Eastern District of Kentucky
FILED

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

JUL 23 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO.  5:26-CR-72-KKC

UNITED STATES OF AMERICA                                   PLAINTIFF

V.                                        **PLEA AGREEMENT**

JONATHAN GRADY VAGO                                     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Information, charging a violation of 18 U.S.C. § 1519, falsification of records. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the sole count of the Information, 18 U.S.C. § 1519, are:

(a) The Defendant knowingly falsified or made a false entry in a record or document;

(b) The Defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of a matter; and

(c) The matter was within the jurisdiction of the Department of Justice Office of Inspector General, an agency of the United States.

3. The parties agree that, as to the sole count of the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts are true and accurate. The following facts do not encompass all of the evidence that would have been presented had this matter gone to trial:

(a) On June 28, 2025, the Defendant was on duty and acting in his official capacity as a correctional officer at the Federal Medical Center (FMC) Lexington. The Defendant was a senior officer specialist at FMC Lexington.

(b) FMC correctional officer Ryan Carnahan got into a verbal altercation with Inmate A who was detained behind a locked door in his cell in the Special Housing Unit (SHU). Caranahan called the Defendant, who was also working in the SHU, to the door of Inmate A's cell, and Officer B joined them. Once the Defendant and Officer B were at the cell door, Carnahan asked for the Defendant's handcuffs. Carnahan asked Inmate A to submit to being handcuffed. Inmate A refused to submit to handcuffing. Carnahan stuck the handcuffs inside the food tray slot of the cell door and dropped them on the floor. Carnahan then opened the cell door and all three entered the cell even though neither Inmate A nor his cellmate were handcuffed and there were no exigent circumstances that required the officers to enter the cell without the inmates being cuffed.

(c) Once Carnahan entered the cell, he began slapping Inmate A's face repeatedly. As a result of being slapped in the face, Inmate A hit Carnahan. At that point, Carnahan grabbed Inmate A and punched him. Inmate A was then taken to the ground and handcuffed.

(d) The Defendant wrote a false report about what happened. The Defendant wrote in his report that Inmate A had been handcuffed before he and the other officers went into the cell. The Defendant knew that Inmate A had not been handcuffed prior to the officers entering his cell. The Defendant wrote that he was searching the cell when he "became aware of aggressive sounds behind [him], and turned to witness [Inmate A] in an aggressive stance with his hands in front of him and Carnahan stepping back." The Defendant wrote that "at this time, Inmate A was taken to the ground utilizing the least amount of force necessary." Although the Defendant saw

2

Carnahan hit Inmate A, Inmate A hit Carnahan, and then Carnahan punch Inmate A, he omitted all that information from his report.

(e) The Defendant made these false statements and omissions in an attempt to obstruct and impede the administration of justice with respect to the investigation or prosecution of the unlawful assault on Inmate A, a matter within the jurisdiction of the Department of Justice Office of Inspector General.

4. The statutory punishment for the sole count of the Information is imprisonment for not more than twenty years, a fine of not more than $250,000.00, and a term of supervised release of not more than three years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. §§ 2J1.2, the base offense level will be 14.

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on

3

a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States will recommend releasing the Defendant under appropriate conditions of release for future court appearances pending sentencing if the Defendant does not violate the terms of the order setting conditions of release.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the

Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not

limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

6

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 7/1/26            By: _____
                            Emily Greenfield
                            Assistant United States Attorney

Date: 7/1/26            _____
                            Adele Brown
                            Attorney for Defendant

Date: 7-1-26            _____
                            Jonathan Grady Vago
                            Defendant